**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1316
_____

UNITED STATES OF AMERICA

v.

HARRY K. ROCHE,

Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. No. 1-13-cr-00060-001)
District Judge: Honorable Sue L. Robinson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 3, 2015
_____

Before: MCKEE, *Chief Judge*, JORDAN, and VANASKIE, *Circuit Judges*

(Filed: March 10, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

VANASKIE, *Circuit Judge*.

Appellant Harry Roche requests that his judgment of conviction be vacated as a consequence of the District Court's failure to give warnings required by Rule 11 of the Federal Rules of Criminal Procedure. Because Roche's claim of Rule 11 error was not preserved by timely objection, the plain-error standard of Rule 52(b) applies, along with its requirement to prove effect on substantial rights. We must decide whether the District Court committed plain error when advising Roche of his rights to present evidence at trial and to be represented by counsel throughout his case. We conclude that any such error on behalf of the District Court was not plain because Roche has not shown it affected his plea. Accordingly, for the reasons discussed herein, we will affirm.

I.

A federal grand jury returned a five-count Superseding Indictment charging Roche with production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e) (Count One); two counts of transportation of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(l)–(2) and (b)(1), and 2256(2)(A) and (8)(A) (Counts Two and Three); possession of child pornography, in violation of 18 U.S.C.§ 2252A(a)(5)(B) and (b)(2), and 2256(2)(A) and (8)(A) (Count Four); and committing a felony offense involving a minor while subject to registration as a sex offender, in violation of 18 U.S.C. § 2260A (Count Five). On March 4, 2014, Roche entered into a plea agreement with the Government and pleaded guilty to Counts One and Two.

During the Rule 11 plea colloquy, Roche confirmed that he had "fully discussed [the] charges and the case in general with [his] attorney" and was "fully satisfied with the counsel, representation, and advice" given to him. App. 29. The District Court then advised Roche of his right to plead not guilty and his right to the assistance of counsel. The District Court also explained the Government's burden and the elements of each offense, after which Roche admitted that he engaged in the underlying conduct. Roche stated that he did not disagree with any of the Government's factual representations and entered a plea of guilty to Counts One and Two. At no point did Roche object to the District Court's plea colloquy. On January 21, 2015, the District Court conducted a sentencing hearing and sentenced Roche to a term of 420 months on Count One and 180 months on Count Two, to be served concurrently.

II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. Because it is undisputed that Roche lodged no objection to the plea colloquy at issue, we review the purported Rule 11 violation for plain error. *United States v. Vonn,* 535 U.S. 55, 58–59 (2002). Under the plain error standard, in the context of a Rule 11 error, Roche must "show a reasonable probability that, but for the error, he would not have entered the [guilty] plea." *United States v. Dominguez Benitez,* 542 U.S. 74, 83 (2004). In other words, Roche must demonstrate "that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Id.* (internal quotation marks and citations omitted).

## III.

We are confident that the outcome of the proceedings below were not affected by the Rule 11 plea colloquy in this case. On appeal, Roche contends that the District Court failed to inform him of (1) his right to present evidence at trial, Rule 11(b)(1)(E); (2) his right to counsel at every other stage of the case, Rule 11(b)(1)(D); and (3) his right to appointed counsel at every other stage of the case, Rule 11(b)(1)(D). Although the District Court did not *explicitly* inform Roche of all these specific rights, a review of the record persuades us that Roche sufficiently understood his rights, and that he has not shown he would have declined to plead guilty had a more extensive colloquy been conducted.

As an initial matter, we find the Rule 11 plea colloquy in this case sufficiently informed Roche of his right to present evidence. The District Court specifically asked Roche whether he understood he had the right to voluntarily testify in his defense, and "to compel the attendance of witnesses to testify in [his] behalf." App. 36. Roche stated that he understood he had these rights. In light of Roche's acknowledgment of these rights, we are unpersuaded by his argument that the District Court failed to inform him of his right to present evidence at trial as required by Rule 11(b)(1)(e).

With respect to Rule 11(b)(1)(D), however, we find that the District Court failed to explicitly inform Roche of his right to appointed counsel at all stages of the proceedings. Nevertheless, although this lapse contravened Rule 11, the record does not suggest there was a reasonable probability that, absent this error, Roche would not have

4

pled guilty. *Cf. Dominguez Benitez,* 542 U.S. at 83. To the contrary, the record suggests Roche was aware of his rights and would have pled guilty regardless of the error.

Indeed, the District Court specifically asked Roche if he understood that he had "the right to the assistance of an attorney for [his] defense." App. 36. Again, Roche stated that he understood he had this right. The fact that Roche was represented by appointed counsel at the time he entered his plea suggests he was aware of his right to appointed representation in criminal proceedings. Moreover, the fact that the same appointed counsel is now representing Roche on appeal further suggests he was aware of his right to appointed counsel at all stages of the proceedings.

After reviewing the record, we do not find that any Rule 11 error affected Roche's decision to plead guilty in light of the incriminating evidence presented by the Government; the District Court's almost complete recitation of Roche's most pertinent rights; the fact that Roche was represented by appointed counsel during the plea hearing and before this Court; and the fact that Roche received a concession from the Government to dismiss Count Five of his Indictment—which would have increased his total mandatory sentence by a total of ten years. Overall, we are not persuaded by Roche's conclusory assertion that the circumstances in this case make it reasonably probable that he would not have entered a guilty plea, and we are confident that the outcome of the proceeding was not affected by the Rule 11 plea colloquy in this case.

IV.

For the foregoing reasons, we will affirm the judgment of conviction.

5